MOHRLOCH *v.* DETROIT, JACKSON & CHICAGO RAILROAD CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—EVIDENCE MOST FAVORABLE TO APPELLANT ACCEPTED.

   In reviewing a judgment on a directed verdict in favor of defendant, the Supreme Court must accept the testimony most favorable to plaintiff.

2. RAILROADS—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

   In an action against a railroad company for damages to plaintiff's automobile caused by a collision with defendant's freight car on a crossing in a village street, where there was testimony that the driver's view of the approaching freight car, which was coming at great speed, was obstructed, it cannot be said that he was guilty of contributory negligence as a matter of law.

3. SAME—CROSSING ACCIDENT—DEFENDANT'S NEGLIGENCE FOR JURY.

   Evidence tending to show that defendant's freight car approached the crossing at a rapid rate of speed without giving warning of its approach either by bell or wig-wag, or by gong or whistle, and that there was usually considerable travel on said street, *held*, sufficient to present the question of defendant's negligence to the jury.

Error to Washtenaw; Sample (George W.), J. Submitted April 4, 1923. (Docket No. 29.) Decided July 19, 1923.

Case by Michael Mohrloch against the Detroit, Jackson & Chicago Railroad Company for damage to plaintiff's automobile. Judgment for defendant on a directed verdict. Plaintiff brings error. Reversed.

*Stivers & Laird,* for appellant.

*Cavanaugh & Burke (Henry C. Bogle,* of counsel), for appellee.

The right of traveler to rely on automatic signals at crossings is discussed in note in L. R. A. 1916D, 788.

On care required of driver of automobile at railroad crossings, see note in 46 L. R. A. (N. S.) 702.

CLARK, J. Plaintiff brings this action to recover for damages to his automobile occasioned by its collision with a freight car of defendant on Main street in the village of Chelsea. The automobile was being driven by plaintiff's 15-year-old son. As a verdict was directed for defendant we must accept the testimony most favorable to plaintiff. Main street runs north and south and defendant's track runs easterly and westerly, crossing it at practically a right angle. The crossing is a protected one, defendant maintaining a bell and wig-wag; these are operated automatically by a "cut-in" located some 1,500 feet distant each way from the crossing. About 250 feet west of the crossing is a switch with a side track leading off from the main track. The freight car which caused the damage came from this siding and did not pass over the "cut-in" so as to start the operation of the bell and wig-wag. Plaintiff's son testified to looking both ways as he approached the crossing from the north and seeing no approaching car; he also testified that he observed the bell and wig-wag and that neither was in operation and that he listened and that no gong was sounded or whistle blown. He also testified that he did not know that a car coming from the siding would not start the bell and wig-wag working. The probative force of his testimony was somewhat weakened by cross-examination. Plaintiff himself testified that there was an obstruction to looking west on the west side of the street and north of the track consisting of a tool-house and closet with a board fence around it. One of plaintiff's witnesses testified that this had been torn down before the accident.

In the recent case of *Molby* v. *Railway*, 221 Mich. 419, this court said:

"The case falls within that line of cases where the undisputed physical facts established by plaintiff's

testimony demonstrate that had plaintiff looked with the slightest degree of care he could not have failed to see the approaching car or train, where the undisputed physical facts established by uncontradicted testimony demonstrate that either (1) plaintiff did not look, or (2) looked so indifferently as not to see a car in plain sight."

The rule stated in that case is here invoked. The rule there stated is the settled law of this State. In addition to the cases there cited, see *Bradley* v. *Davis, ante,* 275. But the facts of the instant case do not bring it within the rule. Here the physical facts are in dispute. Plaintiff testified there was an obstruction to the view to the west while one of his witnesses testified that it had been removed before the accident. This presented a disputed question of fact for the jury.

While this court has repeatedly held that the fact that a crossing is a protected crossing does not absolve a traveler from contributory negligence and that he may not rely entirely or absolutely upon the railroad to perform its duty in giving warning by sounding its bell or lowering its gates where they are maintained, it has also been held that the traveler may rely to some extent upon the railroad to properly operate the protecting device and that the jury may take that fact into consideration together with the other facts in the case in determining the question of contributory negligence. *Tobias* v. *Railroad Co.,* 103 Mich. 330; *Richmond* v. *Railway Co.,* 87 Mich. 374; *Coston* v. *Railroad Co.,* 201 Mich. 232; *Amedeo* v. *Railway Co.,* 215 Mich. 37. We think under the testimony in the case most favorable to plaintiff, and such only we must consider upon this question, it can not be said as matter of law that the driver of the car was guilty of contributory negligence.

We are also persuaded that defendant's negligence was for the jury. The plaintiff's testimony tended

to show that this freight car, running at a rapid rate of speed, gave no warning of its approach either by bell or wig-wag, or by gong or whistle, and ran across this village street where there was usually considerable travel without any warning whatever. We do not think it can be said as matter of law that defendant in so doing fully discharged its duty to the public which had a right to use the street for public travel. Both defendant's negligence and plaintiff's contributory negligence were for the jury.

The judgment must be reversed with a new trial. Plaintiff will have costs of this court.

FELLOWS, MCDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred. WIEST, C. J., did not sit.